UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Gilbert Figueroa,<br><br>    Plaintiff,<br><br>v.<br><br>Gill, et al.,<br><br>    Defendants. | Case No.: 2:22-cv-00477-ART-DJA<br><br>**Order** |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 8). Plaintiff also submitted a complaint with his initial application, which application was denied without prejudice. (ECF No. 1-1); (ECF No. 5).

**I. *In Forma Pauperis* Application**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 8). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II. Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule

12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

> **A.   First Claim: Violation of the 8th Amendment by LVMPD officers.**

Plaintiff alleges that Las Vegas Metropolitan Police Department (LVMPD) officers—Officer Gill, Sergeant Fletcher, and Sergeant Prettle—violated his Eighth Amendment right to be free from cruel and unusual punishment when the officers allegedly used excessive force against Plaintiff. While not specifically alleged in the complaint, it appears that Plaintiff is alleging that the officers used excessive force during his arrest. Plaintiff asserts that the officers shot him immediately after he jumped from the second story of a burning building and then detained him. However, the Eighth Amendment is only implemented post-conviction, when the injury suffered is "part of the total punishment to which the individual is being subjected for his crime." *Ingraham v. Wright*, 430 U.S. 651, 669 (1977). Because the Court believes that the incident Plaintiff complains of occurred during his initial arrest, his claim does not fall under the Eighth

Amendment. The Court thus dismisses Plaintiff's Eighth Amendment claim without prejudice with leave to amend.[1]

### B. Second Claim: Violation of the Eighth Amendment and Fourteenth Amendment equal protection clause by the LVMPD.

Plaintiff alleges that the LVMPD violated his Fourteenth Amendment equal protection rights by training its employees to use unreasonable force—violating the Eighth Amendment—against individuals with a prior criminal history. Plaintiff alleges that the LVMPD both trained officers to use this force and condoned the use of this force. Plaintiff's Eighth Amendment claim against the LVMPD fails for the same reason as his Eighth Amendment claim against its officers.

Plaintiff's Fourteenth Amendment claim also fails for two reasons: (1) because he alleges incidents that occurred during his arrest, and not while a pre-trial detainee, his claims are more properly brought under the Fourth Amendment; and (2) while Plaintiff appears to be alleging his claim against LVMPD, he does not assert facts to support his allegation that LVMPD had a policy of promoting excessive force.

First, Plaintiff's claims are more properly brought under the Fourth Amendment, not the Fourteenth Amendment, because the actions he alleges occurred during his arrest. The Fourth Amendment protections against excessive force apply to the "treatment of an arrestee detained without a warrant up until the time such arrestee is released or found to be legally in custody based upon probable cause for arrest." *Pierce v. Multnomah County, Or.*, 76 F.3d 1032, 1043 (9th Cir. 1996). The Fourteenth Amendment due process clause governs the "use of force against a prisoner during the period between arraignment and conviction." *Henderson v. City and County of San Francisco*, No. C05-0234-VRW-VAF, 2007WL 2778682, at *1 (N. D. Cal. Sept. 21, 2007).

Second, even if Plaintiff did properly allege a Fourth Amendment claim, he has not alleged that *LVMPD* is liable for its officer's actions. A municipality may be held liable for

---

[1] The Court notes that Plaintiff may be attempting to state an excessive force claim under the Fourth Amendment. The Fourth Amendment requires police officers making an arrest to use only an amount of force that is objectively reasonable in light of the circumstance as perceived by a reasonable officer at the scene. *Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir. 2007).

1 constitutional violations under 42 U.S.C. § 1983.  Section 1983 creates a path for the private
2 enforcement of substantive rights created by the Constitution and Federal Statutes.  *Graham v.*
3 *Connor*, 490 U.S. 386, 393–94 (1989).  Section 1983 suits against local governments alleging
4 constitutional rights violations by government officials cannot rely solely on respondeat superior
5 liability.  *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007); *see also Monell v. Dep't*
6 *of Soc. Servs.*, 436 U.S. 658, 691 (1978).  To bring a § 1983 action against a local government
7 entity the plaintiff must show "that he was deprived of a constitutional right and the city had a
8 policy, practice or custom which amounted to 'deliberate indifference' to the constitutional right
9 and was the 'moving force' behind the constitutional violation." *Levine v. City of Alameda*, 525
10 F. 3d 903, 907 (9th Cir. 2008).  However, a plaintiff must allege facts to suggest that the
11 municipality has a policy that amounts to deliberate indifference.  *Avery v. Las Vegas Metro*
12 *Police Dep't*, No. 2:16-cv-01774-GMN-GWF, 2018 WL 3972143, at *2 (D. Nev. Aug. 20,
13 2018).  Plaintiff's claim against LVMPD fails because it does not assert facts suggesting a policy
14 by the LVMPD.  Instead, it alleges conclusions that the LMVPD trained its officers to use
15 excessive force.  The Court thus dismisses Plaintiff's Fourteenth Amendment claim against the
16 LVMPD without prejudice and with leave to amend.

18    **IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma*
19 *pauperis* (ECF No. 8) is **granted.**  Plaintiff will **not** be required to pay an initial installment fee.
20 Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the
21 Prison Litigation Reform Act.  The movant herein is permitted to maintain this action to
22 conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.
23    **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the
24 Prison Litigation Reform Act, the High Desert State Prison will forward payments from the
25 account of **Gilbert Figueroa, Inmate No. 1235199**, to the Clerk of the United States District
26 Court, District of Nevada, 20% of the preceding month's deposits (in months that the account
27 exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk of Court is
28 kindly directed to send a copy of this order to the Finance Division of the Clerk's Office.  The

Clerk of Court is also kindly directed to send a copy of this order to the attention of **Chief of Inmate Services for the High Desert State Prison** at PO Box 650, Indian Springs, NV 89070-0650.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.

**IT IS FURTHER ORDERED** that Plaintiff's complaint (ECF No. 1-1) is **dismissed without prejudice with leave to amend**. The Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** Plaintiff will have until **August 17, 2022** to file an amended complaint. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

Dated: July 18, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE