**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Gilbert Figueroa,<br><br>                Plaintiffs,<br><br>        v.<br><br>Gill; et al.,<br><br>                Defendants. | Case No. 2:22-cv-00477-ART-DJA<br><br>**Order**<br>**&**<br>**Report and Recommendation** |

Before the Court is *pro se* Plaintiff Gilbert Figueroa's motion to amend his complaint (ECF No. 35) and his motion for an expert witness at government expense (ECF No. 37). Because the Court finds that Plaintiff has not demonstrated good cause for missing the deadline to amend pleadings or add parties it recommends denying Plaintiff's motion to amend. Because the Court finds that Plaintiff has not demonstrated the necessity of a neutral expert at this stage in the litigation, it denies Plaintiff's motion for an expert witness at government expense.

**I.    Discussion.**

*A.    Plaintiff's motion to amend.*

In his motion, Plaintiff asserts that he "has discovered new evidence, showing new defendants violating plaintiff['s] constitutional rights." Plaintiff's amendment: (1) adds Las Vegas Metropolitan Police Department to his claim for excessive force under the Fourth Amendment; (2) asserts a municipal liability claim against LVMPD; and (3) adds a claim for conspiracy against two new officer defendants and a Doe officer. Plaintiff's amendment adding a conspiracy claim is based off of Plaintiff's review of body camera footage. Defendants respond and assert that Plaintiff's motion is untimely under the parties' discovery plan and scheduling order and that Plaintiff has not demonstrated good cause under Federal Rule of Civil Procedure 16(b). (ECF No. 36). Plaintiff did not file a reply.

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

However, when the deadline for amending pleadings under a scheduling order has passed, the court's analysis must start with Rule 16(b). *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (court correctly applied Rule 16(b) because time to amend pleadings lapsed before party moved to amend); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (analysis begins with Rule 16(b) once deadline to amend pleadings has passed). Under Rule 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent." Unlike Rule 15(a)'s "liberal amendment policy[,] . . . Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment . . . [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (internal quotations and citations omitted); *see also Mammoth Recreations*, 975 F.2d at 609-10 (no good cause for amendment when movant knew of facts and theory from the beginning of the case and waited until four months after the deadline for amendments passed to move to amend).

Here, the Court finds that Plaintiff has not demonstrated good cause to amend his complaint. While certain of Plaintiff's amendments are based on body camera footage that he presumably received during discovery, as Defendants point out, Plaintiff did not explain when he received the footage or why it took him until after the deadline to amend his complaint. Plaintiff also did not file a reply in support of his motion to amend supplying this information. Additionally, Plaintiff has added LVMPD to a claim and added a municipal liability claim against LVMPD based on facts that Plaintiff appears to have had since the beginning of the case. The

Court recognizes the difficulties that face incarcerated *pro se* litigants representing themselves, but on the other hand, it cannot manufacture arguments for Plaintiff. Because Plaintiff did not demonstrate good cause for not seeking to amend before the deadline, the Court recommends denying his motion without prejudice and with leave to re-file if Plaintiff believes he can demonstrate the good cause necessary.

### B.   Plaintiff's motion for an expert witness at government expense.

The *in forma pauperis* statute, 28 U.S.C. § 1915, does not provide for the payment of fees and expenses for witnesses, *see Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993), or for the waiver of such fees and expenses. *See Hadsell v. Comm'r Internal Revenue Serv.*, 107 F.3d 750, 752 (9th Cir. 1997). However, Federal Rule of Evidence 706 allows the court to appoint a neutral expert. *Students of Cal. Sch. For the Blind v. Honig*, 736 F.2d 538, 549 (9th Cir. 1984), *vacated on other grounds*, 471 U.S. 148 (1985). The determination to appoint an expert rests solely in the court's discretion and turns upon the complexity of the matters to be determined and the need for neutral expert review. *Turner v. Ralkey*, No. 3:20-cv-05472-BHS-DWC, 2021 WL 135855, at *2 (W.D. Wash. Jan. 13, 2021) (citing *Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997)).

"Appointment [of expert witnesses] may be appropriate when 'scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue....'" *Levi v. Director of Corrections*, No. CIV020910LKKKJMP, 2006 WL 845733, at *1 (E.D. Cal. March 31, 2006) (quoting *Ledford*, 105 F.3d at 358–59). Ordinarily, the cost of such an expert is to be shared by both parties, but the court may "apportion all the cost to one side" when appropriate. *See* Fed. R. Evid. 706(c); *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991), *aff'd on other grounds*, *Helling v. McKinney*, 509 U.S. 25 (1993). However, "[r]easonably construed, [Rule 706] does not contemplate the appointment of, and compensation for, an expert to aid one of the parties." *Walker v. Woodford*, No. 05-cv-01705-LAB-NLS, 2008 WL 793413, at *1 (S.D. Cal., March 24, 2008) (citation omitted).

Plaintiff's motion for an expert witness explains that Plaintiff lacks the funds to retain an expert to investigate his claims and rebut the Defendants' expert witness. (ECF No. 37). To the extent Plaintiff's request can be construed as a request for a neutral expert, the issues in this case

do not, at this time, appear to present extraordinary or complex factual or legal issues. Plaintiff's operative complaint alleges use of excessive force in violation of the Fourth Amendment. This issue does not, for example, require deep examination of the details of Plaintiff's medical condition, but instead turns upon the reasonableness of the force employed by the officers. Furthermore, at this stage of the litigation where evidence is not yet being evaluated, the Court cannot yet determine whether the issues are so complex as to require the testimony of a neutral expert. *See Estrada v. Rowe*, No. C-08-02081-MMC-PR, 2011 WL 249453, at *5 (N.D. Cal. Jan. 25, 2011) ("until the Court has had the opportunity to review the arguments and evidence submitted by the parties on summary judgment, no determination can be made that the issues are so complex as to require the testimony of an expert to assist the trier of fact."). The Court thus denies Plaintiff's motion for the appointment of an expert witness at government expense without prejudice.

### ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of an expert witness at government expense (ECF No. 37) is **denied without prejudice.**

### RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion to amend (ECF No. 35) be **denied without prejudice.**

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely

objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: June 30, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE