UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GILBERT FIGUEROA,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>GILL, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 2:22-cv-00477-ART-DJA<br><br>ORDER PARTIALLY SUSTAINING PLAINTIFF'S OBJECTION (ECF NO. 42) TO REPORT AND RECOMMENDATION (ECF NO. 41) |

*Pro se* Plaintiff Gilbert Figueroa brings this §1983 action against officers of the Las Vegas Metropolitan Police Department, alleging they needlessly shot him, causing him to suffer nerve damage and to lose a testicle, in violation of his Fourth Amendment rights. Before the Court is Mr. Figueroa's Objection (ECF No. 42) to Magistrate Judge Daniel J. Albregts' Report and Recommendation (ECF No. 41) (R&R) recommending the Court deny Mr. Figueroa's Motion for Leave to File an Amended Complaint (ECF No. 35). The Court grants Mr. Figueroa leave to amend his complaint to add a conspiracy claim but denies leave to add other proposed claims.

**I.　BACKGROUND**

In April of 2020, members of the LVMPD shot Mr. Figueroa while arresting him in Las Vegas. (ECF No. 12 at 4.) As a result, Mr. Figueroa suffered nerve damage, leg pain, and PTSD, and doctors surgically removed one of his testicles.

In his First Amended Complaint ("FAC"), which is the operative complaint at the time of this order, Mr. Figueroa brought a claim for Fourth Amendment excessive force against the officers who arrested him and a municipal liability claim for failure to train and deliberate indifference against the LVMPD. (*Id.* at 4-7.) Mr. Figueroa's FAC was screened in September 2022. (ECF No. 13.) His

municipal liability claim was dismissed without prejudice, and his Fourth Amendment claim was allowed to proceed. (*Id.* at 6.)

On April 17, 2023, Mr. Figueroa sought leave to amend his FAC by (1) adding the Las Vegas Metropolitan Police Department to his existing Fourth Amendment claim; (2) reasserting his municipal liability claim against LVMPD; and (3) adding a new claim for conspiracy against two named officer defendants and a Doe officer. (ECF No. 41 at 1; *compare* ECF No. 12 *with* ECF No. 35-1.) The deadline for amending pleadings was January 3, 2023. (ECF No. 23 at 1.)

Judge Albregts then issued an R&R recommending the Court deny Mr. Figueroa's motion without prejudice because Mr. Figueroa had failed to demonstrate good cause for amending his FAC. (ECF No. 41 at 3.) According to Judge Albregts, Mr. Figueroa's first two proposed amendments aimed to add LVMPD to his Fourth Amendment claim and reasserted his municipal liability claim against LVMPD. Judge Albrechts denied leave to amend because the underlying facts of those claims were available to Mr. Figueroa "since the beginning of this case." (*Id.* at 2.) Mr. Figueroa's third proposed amendment added a conspiracy claim that was based on newly-discovered bodycam footage that was not previously available to Mr. Figueroa. (*Id.*) Judge Albregts denied leave to add the conspiracy claim because Mr. Figueroa had failed to explain when he received the footage or why he waited until after the deadline to amend his FAC. (*Id.* at 3.)

In his Objection to Judge Albregts' R&R, (ECF No. 42), Mr. Figueroa provided a timeline detailing his diligence in seeking the relevant bodycam footage and explaining why it took him until April to file his Motion for Leave to Amend. Mr. Figueroa did not explain why he failed to add his claims against LVMPD sooner.

Defendants have since objected that Mr. Figueroa should not be given leave to amend his FAC because he has failed to demonstrate good cause, inclusion of

2

the new claims would be futile, and amendment would cause Defendants undue prejudice by prolonging the litigation and forcing parties to reopen portions of the discovery process. (ECF No. 43.)

## II.     DISCUSSION

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Because Mr. Figueroa objected to Judge Albregts' R&R, (ECF No. 42), the Court's review is *de novo*.

When, as in this case, the deadline for amending pleadings under a scheduling order has passed, the Court's must analyze motions to amend complaints under Rule 16(b). *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (court correctly applied Rule 16(b) because time to amend pleadings lapsed before party moved to amend); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (applying Rule 16(b) once deadline to amend pleadings has passed). Under Rule 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent." "Rule 16(b)' s good cause standard primarily considers the diligence of the party seeking the amendment." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015) (internal quotation marks and citations omitted).

Despite his earlier failure to show good cause, Mr. Figueroa's Objection provides a detailed explanation of his diligence and inability to bring his conspiracy claim sooner. As a prisoner, Mr. Figueroa's access to legal documents is limited. Mr. Figueroa received the relevant bodycam footage on January 6, 2023. (ECF No. 42 at 2.) On January 18, he was informed he needed to schedule an appointment to view that footage. (*Id.*) He promptly sent a request to view the

footage on January 25 but was not allowed to access it until February 27—and then only for one hour per week. (*Id.*) On March 5, Mr. Figueroa sent a discovery request to Defendants in order to learn the names of the officers he hoped to sue. (*Id.*) On April 3, he received a list containing those names. (*Id.*) On April 16, he filed a motion to amend his FAC. (*Id.*)

Mr. Figueroa has not demonstrated the same diligence in bringing his proposed claims against the LVMPD. The Court agrees with Judge Albregts that Mr. Figueroa could have brought these claims at the beginning of this litigation. Indeed, he has tried to bring his municipal liability claim before, and he has not alleged any new facts since the Court dismissed that claim. (*Compare* ECF No. 12 *with* ECF No. 35-1.) Given the available facts, Mr. Figueroa has not met Rule 16(b)'s good cause standard for his claims against the LVMPD.

Defendants object that allowing Mr. Figueroa to amend his FAC would be futile and result in prejudicial delays. (ECF No. 43 at 7.) After a party has shown good cause under Rule 16(b), it must demonstrate that amendment is proper under Rule 15. *Johnson,* 975 F.2d at 608 (citation omitted). "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). Courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Defendants concede that a conspiracy claim against the officers is not precluded as a matter of law. (ECF No. 43 at 6.). Any resulting delay from amendment would not so prejudice Defendants as to outweigh Rule 15's other factors. Mr. Figueroa, who has amended his complaint only once, has shown that he was diligent, and there was no bad faith or undue delay on his part. Here, amendment is in the interest of justice.

### III. CONCLUSION

It is ordered that Judge Albregts' R&R (ECF No. 41) is rejected in part and adopted in part.

It is further ordered that Mr. Figueroa's Motion for Leave to Amend (ECF No. 35) is granted in part and denied in part. Mr. Figueroa may amend his complaint to add his proposed conspiracy claim but may not add any of his other proposed claims or defendants.

Dated this 3rd day of November 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE