**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Gilbert Figueroa,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Gill, et al.,<br><br>　　　　　Defendants. | Case No. 2:22-cv-00477-ART-DJA<br><br>**Order** |

　　　This matter is before the Court on its review of the docket. Plaintiff has not served Defendants Jordan Roos and Wade Bettencourt. However, because that lack of service appears to be due to the lack of a service order, the Court will extend the time for service and order service on these Defendants.

　　　On September 16, 2022, the Court screened Plaintiff's first amended complaint, allowed his Fourth Amendment excessive force claim to proceed against Defendants Officers Gill, Fletcher, and Prettle and Does 1-10 when Plaintiff learned their identities. (ECF No. 13). The Court also ordered service on these Defendants. (*Id.*). On June 30, 2023, the undersigned recommended that Plaintiff's motion to amend be denied without prejudice. (ECF No. 41). Plaintiff had sought to add Las Vegas Metropolitan Police Department ("LVMPD") to his claim for excessive force under the Fourth Amendment, to assert a municipal liability claim against LVMPD, and to add a claim for conspiracy against two new officer defendants and a Doe officer. (ECF No. 35). However, the Court noted that Plaintiff had not demonstrated good cause to amend his complaint after the deadline to amend pleadings and add parties had passed and thus recommended denying the motion. (ECF No. 41).

　　　Plaintiff provided further argument in opposition to that report and recommendation. (ECF No. 42). With this additional information, the Honorable District Judge Anne R. Traum found that Plaintiff had demonstrated good cause to amend his complaint to add Defendants

Bettencourt and Roos. (ECF No. 51). So, Judge Traum allowed Plaintiff to file his second amended complaint. (*Id.*). However, the Court did not enter an order regarding service.

On April 5, 2024, the Clerk's Office entered a notice that the action could be dismissed without prejudice as to Bettencourt and Roos if proof of service was not filed with the Clerk by May 5, 2024. (ECF No. 63). Plaintiff filed a response to this notice on May 20, 2024, stating that he is "preparing to summon Officer Bettencourt and Officer Roos." (ECF No. 65). Plaintiff also filed proposed summonses for both officers along with USM-285 forms. (ECF No. 66).

Under Federal Rule of Civil Procedure 4(m), if a defendant is not served within ninety days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). Here, more than ninety days have passed since Plaintiff's second amended complaint was filed. However, the Court finds good cause to extend the service deadline because it did not originally order service and because Plaintiff has attempted to serve the added Defendants. The Court will thus order service on Bettencourt and Roos and will extend the Rule 4(m) deadline by sixty days from the date of this order.

**IT IS THEREFORE ORDERED** that that the Clerk of Court is kindly directed to issue summonses to Wade Bettencourt and Jordan Roos, using the summonses that Plaintiff filed at ECF No. 66.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send the USMS the following for service:

- Two copies of Plaintiff's second amended complaint (ECF No. 53);
- the summonses issued to Wade Bettencourt and Jordan Roos;
- two copies of the order screening Plaintiff's second amended complaint (ECF No. 51);
- a copy of this order.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff two copies of the Form USM-285.[1]

**IT IS FURTHER ORDERED** that Plaintiff must complete one USM-285 form for Bettencourt and one USM-285 form for Roos.

**IT IS FURTHER ORDERED** that Plaintiff will have until **November 18, 2024** to send his completed USM-285 forms to the USMS for service. Within twenty-one days after receiving a copy of the Form USM-285 back from the USMS showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the Defendants were served. If Plaintiff wishes to have service again attempted on an unserved Defendant, Plaintiff must file a motion with the Court identifying that Defendant and specifying a more detailed name and/or address for that Defendant or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **December 27, 2024,** to accomplish service.

DATED: October 28, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that Plaintiff filed USM-285 forms on the docket. (ECF No. 66). However, those forms are not complete because Plaintiff did not fill out the section titled "send notice of service copy to requester at name and address below." He also did not specify the number of parties to be served. So, the Court will require Plaintiff to send the USMS new and complete USM-285 forms.