UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| Gilbert Figueroa, | Case No. 2:22-cv-00477-ART-DJA |
|---|---|
| Plaintiff, | |
| v. | **Order**<br>**and**<br>**Order to Show Cause** |
| Gill, et al., | |
| Defendants. | |

This is a civil rights action arising out of police officers' use of force in arresting Plaintiff Gilbert Figueroa in April of 2020. Plaintiff sues Las Vegas Metropolitan Police Department Officer Raphael Gill, Sergeant Donald Fletcher, Sergeant Mark Prettie,[1] Officer Jordan Roos, and Officer Wade Bettencourt for declaratory and injunctive relief and damages. Plaintiff is proceeding on claims for excessive force in violation of the Fourth Amendment and conspiracy. (ECF No. 54) (amended complaint); (ECF No. 51) (order allowing amended complaint to proceed).

Plaintiff moves to compel this Court to "obtain the present/or last known address of LVMPD Officer Jordan Roos and LVMPD Officer Wade Bettencourt," because he has not yet been able to serve them. (ECF No. 99). He also moves the Court for an extension of time to serve Roos and Bettencourt. (ECF No. 108). Because the Court cannot provide Plaintiff with legal advice or advocacy, it denies his motion to compel in part. But because the Court finds that Plaintiff has shown good cause for his failure to serve Roos and Bettencourt within the timeframe

---

[1] The Court originally construed Plaintiff's handwritten complaint as identifying Sergeant "Prettle." (ECF No. 13). However, the first filing that the law office of Kaempfer Crowell made on this Defendant's behalf identified him as "Sgt. Mark Prettie." (ECF No. 20). The Court refers to this Defendant using the spelling employed by Kaempfer Crowell.

the Court provided, it grants his request for an extension of time made in his motion to compel and grants his motion for extension of time. This will be the last extension the Court provides.

The Court also orders the law office of Kaempfer Crowell to show cause why the Court should not consider counsel's appearance on Prettie's behalf to be effective for the purposes of the Court's jurisdiction over him. Counsel appears to have filed documents on Prettie's behalf. However, it is not clear that Prettie was ever served. So, it is unclear whether the Court has jurisdiction over Prettie.

I. **Plaintiff's motion to compel and motion to extend time.**

Plaintiff moves the Court to find the addresses where Roos and Bettencourt can be served. (ECF No. 99). He explains that he has provided two addresses for the United States Marshals Service ("USMS") to serve Roos and Bettencourt, but neither has been successful. Plaintiff also points out that service was successful on other defendants at one of the addresses he has provided, but for some reason service was not successful for Roos and Bettencourt at that same address. Plaintiff explains that he "is incarcerated and has no other resources or information to serve these individuals." He asks for the attorneys representing the other defendants to "arrange to accept service for the unserved defendants." He also requests a forty-five-day extension of time to serve Roos and Bettencourt. Gill and Fletcher oppose Plaintiff's motion, arguing that he has delayed in serving Roos and Bettencourt and that he failed to meet and confer regarding his motion to compel. (ECF No. 102).

The Court previously granted Plaintiff until February 10, 2025, to accomplish service. (ECF No. 93). Plaintiff filed his motion to compel on December 26, 2024, before the deadline passed. (ECF No. 99). He filed a renewed motion to extend the service deadline on March 18, 2025, before forty-five days after February 10, 2025, lapsed. (ECF No. 108). In his renewed motion to extend time, Plaintiff responds to a notice entered by the Clerk's office regarding its intent to dismiss Roos and Bettencourt for lack of service. (ECF No. 105). Plaintiff explains that he has tried multiple times to serve these defendants, and has been waiting on the Court's response to his motion to compel. (ECF No. 108).

The Court denies Plaintiff's motion to compel to the extent he seeks the Court's legal advice or advocacy. The Court cannot provide litigants with legal advice or act as an advocate for any litigant. *See Rush v. Denco Enterprises, Inc.*, No. ED CV 11-00030-DOC-DTBx, 2011 WL 13130991, at *2 (C.D. Cal. June 29, 2011) (compiling cases). So, it cannot provide him with the addresses for Roos or Bettencourt. Nor can it force counsel to accept service on their behalf, because the attorneys must have implied or actual authority to do so, and the Court has no indication that they do. *See* Fed. R. Civ. P. 4(e)(C) (explaining that summons may be served on "an agent authorized by appointment or by law to receive service of process"); *see In re Focus Media*, 387 F.3d 1077, 1081 (9th Cir. 2004) (explaining that an agent may be impliedly authorized to accept service on a client's behalf). Additionally, although Gill and Fletcher assert that Plaintiff failed to meet and confer with their counsel before bringing his motion to compel, the Court does not find that the failure to do so mandates denying the motion. Plaintiff's motion does not appear to seek to compel anything from Gill and Fletcher. Instead, it appears to seek to compel the Court to help him. So, Plaintiff's motion does not fit squarely under Federal Rule of Civil Procedure 37(a) or Local Rule 26-6 such that a meet and confer under Federal Rule of Civil Procedure 37(a)(1) and Local Rule 26-6(c) was necessary.

However, the Court grants Plaintiff's request for an extension, made in his motion to compel and his motion to extend time.[2] A court *must* extend the time for service if a plaintiff shows good cause for the failure to serve a defendant within a specified time. *See* Fed. R. Civ. P. 4(m). Here, Plaintiff explains that he has encountered difficulty serving Roos and Bettencourt at

---

[2] The Court notes that it is issuing this order before the response deadline to Plaintiff's motion to extend time. (ECF No. 104). However, because Gill and Fletcher have already objected to Plaintiff's prior request to extend the same deadline, the Court does not find a further response necessary to its decision. Moreover, Gill and Fletcher have been dismissed from this case and Plaintiff seeks to serve Roos and Bettencourt, so the Court's ruling on the motion to extend time would not affect Gill and Fletcher's substantive rights. *See Alliance of Nonprofits for Ins., Risk Retention Group v. Kipper*, 712 F.3d 1316, 1327-38 (9th Cir. 2013) (finding that the district court did not commit reversible error when it determined certain motions without awaiting or considering responses because the local rule at issue did not guarantee a period of time to file a response and because the court's failure to consider one response did not affect the outcome of the motion or the would-be respondent's substantive rights).

the same place he served other officer defendants and that an alternative address he has provided has been unsuccessful. He adds that his incarcerated status makes it difficult for him to learn these defendants' whereabouts. The Court finds that this constitutes good cause to extend the service deadline one final time for thirty days from the date of this order. The Court will order service one last time.

**II.    Order to show cause.**

The Court will order the law office of Kaempfer Crowell to show cause why the Court should not consider its filing documents on Prettie's behalf to be effective for purposes of the Court's jurisdiction over him. It does not appear that service on Prettie was successful. (ECF No. 17). Nonetheless, Kaempfer Crowell filed certain documents on Prettie's behalf.[3] It then ceased doing so after Plaintiff's second amended complaint proceeded.[4]

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Crowley v. Bannister*, 734 F.3d 967, 974-75 (9th Cir. 2013) (quoting *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009)). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Id.* (internal quotations and citations omitted). But "neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *See id*. (internal quotations and citations omitted). On the other hand, the United States

---

[3] The answer to Plaintiff's first amended complaint is listed on the docket as being filed by "Gill, Las Vegas Metro Police Department, D. Sgt. Fletcher, Sgt. Prettie." (ECF No. 19). However, in the upper lefthand corner of that document, Kaempfer Crowell purports to represent only "Raphael Gill, Sgt. Donald Fletcher, and Las Vegas Metropolitan Police Department." (*Id.*). Nonetheless, following this answer, the upper lefthand corner and certain of the introductory paragraphs of Kaempfer Crowell's documents indicate that it is representing Prettie. (ECF Nos. 20, 21, 25, 27, 31, 33, 36, 38, 43, 45, 47, and 50).

[4] Counsel filed the answer to Plaintiff's second amended complaint on behalf of Gill and Fletcher only. (ECF No. 54). Counsel's filings following that answer reference only Gill and Fletcher in the upper lefthand corner and introductory paragraphs. (ECF Nos. 57, 60, 62, 67, 69, 74, 75, 78, 83, 95, 96, 102, and 106). Notably, counsel filed a motion for summary judgment on behalf of Gill and Fletcher only. (ECF No. 67). And the Court granted that motion, dismissing Gill and Fletcher from the case. (ECF No. 98).

Supreme Court has concluded that, if a defendant was not served with process, but appeared voluntarily through an attorney and the appearance was authorized, "it is as effective for the purposes of jurisdiction as an actual service of summons." *Hill v. Mendenhall*, 88 U.S. 453, 454 (1874). Given this authority and the lack of clarity regarding whether Prettie was served and whether Prettie authorized counsel to appear on his behalf, the Court will order the law office of Kaempfer Crowell to show cause why the Court should not construe its filing of documents on Prettie's behalf as effective for the purposes of the Court's jurisdiction over him.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel (ECF No. 99) is **granted in part and denied in part.** It is granted in part regarding Plaintiff's request for an extension of the time for service. It is denied in part in all other respects.

**IT IS FURTHER ORDERED** that Plaintiff's motion to extend time (ECF No. 108) is **granted.** Plaintiff shall have until **April 21, 2025**, to accomplish service. **This will be Plaintiff's last opportunity to serve Roos and Bettencourt.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to issue summonses to Wade Bettencourt and Jordan Roos.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send the following to the USMS for service:

- Two copies of Plaintiff's second amended complaint (ECF No. 53).
- The newly issued summonses to Wade Bettencourt and Jordan Roos.
- A copy of this order.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff two copies of the Form USM-285.

**IT IS FURTHER ORDERED** that Plaintiff must complete one USM-285 form for Bettencourt and one USM-285 form for Roos and send those completed forms to the USMS for service.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **April 7, 2025,** to send his completed USM-285 forms to the USMS .

**IT IS FURTHER ORDERED** that, within twenty-one days after receiving a copy of the Forms USM-285 back from the USMS showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the defendants were served.

**IT IS FURTHER ORDERED** that the law office of Kaempfer Crowell must show cause in writing on or before **April 21, 2025,** why this Court should not construe its filing of documents on Sergeant Mark Prettie's behalf as effective for purposes of the Court's jurisdiction over him.

DATED: March 20, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE