**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Gilbert Figueroa,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Gill, et al.,<br><br>　　　　　　Defendants. | Case No. 2:22-cv-00477-ART-DJA<br><br>**Order** |

　　　　This is a civil rights action arising out of police officers' use of force in arresting Plaintiff Gilbert Figueroa in April of 2020. Plaintiff sued the Las Vegas Metropolitan Police Department ("LVMPD"), LVMPD Officer Raphael Gill, LVMPD Sergeant Donald Fletcher, LVMPD Sergeant Mark Prettie, LVMPD Officer Jordan Roos, and LVMPD Officer Wade Bettencourt for declaratory and injunctive relief and damages. Only Prettie, Roos, and Bettencourt remain as Defendants. However, Plaintiff has not served them.

　　　　On March 20, 2025, the Court ordered the law firm of Kaempfer Crowell to show cause why the Court should not construe the law firm's occasional inclusion of Prettie's name on its filings on behalf of Gill and Fletcher to constitute the firm's appearance on behalf of Prettie for purposes of jurisdiction. (ECF No. 109). In that order, the Court also gave Plaintiff one last chance to serve Roos and Bettencourt. (*Id.*). Kaempfer Crowell has responded to the order to show cause, explaining that Prettie did not authorize it to appear on his behalf. (ECF No. 114). Plaintiff has also moved for appointment of counsel to help him serve Roos and Bettencourt (ECF No. 111) and, after service was again unsuccessful, for the Court "to order service" (ECF No. 116).

　　　　The Court finds that it does not have jurisdiction over Sgt. Prettie by virtue of Kaempfer Crowell's appearance and finds the order to show cause satisfied. The Court also finds that Plaintiff has shown exceptional circumstances, and so grants his motion for appointment of

counsel. The Court further construes Plaintiff's motion "to order service" as one seeking an extension of time to serve Bettencourt and Roos, and grants the motion. The Court extends the deadline for Plaintiff to serve Bettencourt and Roos to sixty days following either appearance of pro bono counsel on Plaintiff's behalf or notice from the Pro Bono Program that it cannot place Plaintiff with an attorney.

### I.      Order to show cause.

In its order to show cause, the Court asked the law office of Kaempfer Crowell to show cause why the Court should not consider its attorneys' appearance on behalf of Prettie to be effective for the purposes of the Court's jurisdiction over Prettie. (ECF No. 109) (citing and quoting *Hill v. Mendenhall*, 88 U.S. 453, 454 (1874) for the proposition that, if a defendant is not served with process, but appears voluntarily through an attorney and the appearance was authorized, "it is as effective for the purposes of jurisdiction as an actual service of summons."). Kaempfer Crowell has responded and explained that the appearance was the result of a typographical error and that Prettie did not authorize the firm to appear on his behalf. (ECF No. 114). The Court is persuaded by Kaempfer Crowell's argument and does not deem Kaempfer Crowell's erroneous appearance on Prettie's behalf through inclusion of his name on certain filings to be effective for the purposes of the Court's jurisdiction over Prettie. The Court further deems the order to show cause satisfied.

### II.     Motion for appointment of counsel and motion to order service.

A few days after the Court gave Plaintiff one last opportunity to serve Roos and Bettencourt, Plaintiff moved for appointment of counsel, arguing that he cannot afford counsel and that he has encountered difficulties serving Defendants Roos and Bettencourt. (ECF No. 111). About a month later, Plaintiff's USM-285 forms were returned unexecuted with a note that "LVMPD refuses to accept process without an officer's 'P' number." (ECF No. 115). Plaintiff then moved for the Court to "order service," explaining that he did not have the officers P numbers, but now does. (ECF No. 116).

Now-dismissed Defendants Gill and Fletcher oppose both of Plaintiff's motions. (ECF Nos. 112, 117). In response to Plaintiff's motion for service, they point out that the address

1  which Plaintiff included on his most recent USM-285 forms—8950 W. Cheyenne Ave., Las
2  Vegas, NV 89129—"is not a physical address for anything." (ECF No. 117). So, it is unclear
3  how LVMPD refused service.

4  It is the plaintiff's responsibility, not the court's, to effectuate service. *See Walker v.*
5  *Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (finding that, although an incarcerated litigant is
6  entitled to rely on the United States Marshal's Service for service, the litigant must provide the
7  marshals with sufficient information to effectuate service); *see Farrugia v. Lockyer*, No. 1:08-cv-
8  00053-OWW-YNP PC, 2010 WL 583660, at *1 (E.D. Cal. Feb. 16, 2010) (explaining that the
9  court "cannot force a party to waive service"). However, courts must construe *pro se filings*
10 liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Federal Rule of Civil
11 Procedure 4(m), if a plaintiff shows good cause for failing to timely serve a defendant, "the court
12 *must* extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis
13 added). Additionally, "plaintiffs should not be denied their day in court because of a technical
14 oversight…" *Mwithiga v. Pierce*, 758 F.Supp.3d 1230, 1240 (D. Nev. 2024).

15 Although a litigant does not have a constitutional right to appointed counsel in 42 U.S.C.
16 § 1983 civil rights claims, under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to
17 represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see Storseth v. Spellman*,
18 654 F.2d 1349, 1353 (9th Cir. 1981). However, the court will appoint counsel for indigent civil
19 litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir.
20 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court
21 must consider 'the likelihood of success on the merits as well as the ability of the petitioner to
22 articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* "Neither
23 of these considerations is dispositive and instead must be viewed together." *Id.*

24 Here, Plaintiff asks the Court to either construe his service as executed or order LVMPD
25 to accept service. But it is ultimately Plaintiff's responsibility to execute service. So, the Court
26 liberally construes Plaintiff's motion as one to extend the time for service. Although the Court
27 previously explained to Plaintiff that the prior extension would be Plaintiff's "last opportunity to
28 serve Roos and Bettencourt," given the irregularities in Plaintiff's most recent attempt at service,

the Court finds that Plaintiff has shown good cause to extend the deadline again. So, the Court liberally construes Plaintiff's motion to order service as one for an extension of time to serve Roos and Bettencourt and grants it.

The Court further finds that there are exceptional circumstances justifying appointing Plaintiff counsel. Plaintiff's attempts at service have been characterized by procedural irregularities and technical oversights which an attorney will be able to remedy. Even though Plaintiff has demonstrated an ability to articulate his claims *pro se*, he has not been able to assert them in light of the complexity of the service issues he has encountered. And while the Court does not prejudge the outcome of Plaintiff's case, Plaintiff's Fourth Amendment claims against Prettie, Roos, and Bettencourt have passed screening and the Court has allowed Plaintiff to amend his complaint to add a conspiracy claim against Roos and Bettencourt, indicating a possibility of success on the merits. (ECF No. 51). So, the Court grants Plaintiff's motion for appointment of counsel. The Court will refer this matter to the Pro Bono Program for placement. It will further extend the deadline for service on Roos and Bettencourt to sixty days from either: (1) the date pro bono counsel appears on Plaintiff's behalf; or (2) upon receiving notice that the Pro Bono Program cannot find counsel for Plaintiff.

**IT IS THEREFORE ORDERED** that the Court deems its order to show cause (ECF No. 109) **satisfied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 111) is **granted.**

**IT IS FURTHER ORDERED** that this case shall be referred to the Pro Bono Program adopted in Third Amended General Order 2019-07 for the purpose of screening for financial eligibility (if necessary) and identifying counsel willing to be appointed as *pro bono* counsel for Plaintiff. Plaintiff is reminded that he must comply with all deadlines currently set in his case and there is no guarantee that counsel will be appointed. If counsel is found, an order appointing counsel will be issued by the Court, and Plaintiff will be contacted by counsel.

**IT IS FURTHER ORDERED** that the Court liberally construes Plaintiff's motion "to order service" as one to extend the service deadline (ECF No. 116) and **grants** it to the extent it seeks to extend the deadline for service.

**IT IS FURTHER ORDERED** that the deadline by which Plaintiff must accomplish service is extended to **sixty days after** either (1) the date pro bono counsel appears on Plaintiff's behalf; or (2) upon receiving notice that the Pro Bono Program cannot find counsel for Plaintiff.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send a copy of this order to Plaintiff.

DATED: June 24, 2025

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE