# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

Gilbert Figueroa,

Plaintiff,

v.

Gill, et al.,

Defendants.

Case No. 2:22-cv-00477-ART-DJA

**Order**

This is a civil rights action arising out of police officers' use of force in arresting Plaintiff Gilbert Figueroa in April of 2020. Plaintiff sued the Las Vegas Metropolitan Police Department ("LVMPD"), LVMPD Officer Raphael Gill, LVMPD Sergeant Donald Fletcher, LVMPD Sergeant Mark Prettie,[1] LVMPD Officer Jordan Roos, and LVMPD Officer Wade Bettencourt for declaratory and injunctive relief and damages. Only Prettie,[2] Roos, and Bettencourt remain as Defendants. However, service has presented a uniquely challenging issue in this case. Plaintiff now moves for the Court to "accept service," asking the Court to order LVMPD to accept service on behalf of Roos and Bettencourt. (ECF No. 121). Due to a recent update to the manner in which the Court may request that LVMPD waive service on behalf of its employees, the Court grants Plaintiff's motion in part and denies it in part.

## I.       Factual background.

Plaintiff's first service attempt on Bettencourt and Roos was delayed through no fault of his own. After he was permitted to amend his complaint to add Bettencourt and Roos in

---

[1] The Court originally construed Plaintiff's handwritten complaint as identifying Sergeant "Prettle." (ECF No. 13). However, the first filing that the law office of Kaempfer Crowell made on this Defendant's behalf identified him as "Sgt. Mark Prettie." (ECF No. 20). The Court refers to this Defendant using the spelling employed by Kaempfer Crowell.

[2] Prettie has not been served. But Plaintiff does not move the Court for service on Prettie.

November of 2023, a service order was not entered.  (ECF No. 51).  But Plaintiff sought to serve Bettencourt and Roos after receiving the Clerk's office's Rule 4(m) notice.  (ECF Nos. 63, 66).

Plaintiff's summonses were then returned unexecuted.  (ECF No. 90).  Plaintiff had included the same address on his summonses for Bettencourt and Roos that he had used to successfully serve Fletcher and Gill—400 Stewart Ave., Las Vegas, NV 89101.  *Compare* (ECF No. 90) *with* (ECF No. 18).  Nonetheless Plaintiff's summonses to Bettencourt and Roos were returned with a note that the address was incorrect.  (ECF No. 90).[3]  So, Plaintiff provided new summonses with another address—8950 W. Cheyenne Ave., Las Vegas, NV 89129—at which Bettencourt and Roos could be served.  (ECF No. 92).  But those summonses were also returned unexecuted for having a faulty address.  (ECF No. 97).

Given these difficulties, Plaintiff moved to compel the Court to provide the correct address for service on Roos and Bettencourt, explaining that other LVMPD officer defendants were successfully served at 400 Stewart Ave., Las Vegas, NV 89101.  (ECF No. 99).  Because the Court could not provide Plaintiff with the information he sought, it granted his motion in part, extending the deadline for service and issuing summonses for Roos and Bettencourt, which summonses Plaintiff filled out with both the 8950 W. Cheyenne Ave. address and the 400 Stewart Ave. address.  (ECF No. 109).  Five days after the Court entered this order, Plaintiff moved for appointment of counsel to help him with service.  (ECF No. 111).

About a month later, Plaintiff's USM-285 forms were again returned unexecuted with the note, "LVMPD refuses to accept process without an officer's 'P' number."  (ECF No. 115).  Plaintiff then moved for the Court to "order service," explaining that he previously did not have the officers' P numbers, but was able to find them.  (ECF No. 116).  Gill and Fletcher—who at this point had already been dismissed from the case—opposed Plaintiff's motion, asserting that the 8950 W. Cheyenne Ave. address "is not a physical address for anything."  (ECF No. 117).  So, it was not clear how LVMPD had refused service at that address.

---

[3] It appears that the summonses for Fletcher and Gill were not actually served at the 400 Stewart Ave. address but were instead served at a different address—400 S. Martin Luther King Blvd., Las Vegas, NV 89106.  (ECF No. 18).

Given these issues, the Court granted Plaintiff's motion for appointment of counsel to assist him with service on June 24, 2025. (ECF No. 119). It also extended the service deadline to sixty days after either: (1) the date pro bono counsel appeared on Plaintiff's behalf or; (2) upon receiving notice that the Pro Bono Program could not find counsel for Plaintiff. (ECF No. 119). On December 29, 2025, the Pro Bono Program provided the Court with notice that it could not find counsel for Plaintiff. (ECF No. 120).

## II.    Discussion.

It is the plaintiff's responsibility, not the court's, to effectuate service. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (overruled on other grounds) (finding that, although an incarcerated litigant is entitled to rely on the United States Marshal's Service for service, the litigant must provide the marshals with sufficient information to effectuate service); *see Farrugia v. Lockyer*, No. 1:08-cv-00053-OWW-YNP PC, 2010 WL 583660, at *1 (E.D. Cal. Feb. 16, 2010) (explaining that the court "cannot force a party to waive service"). However, courts must construe *pro se filings* liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). And "plaintiffs should not be denied their day in court because of a technical oversight…" *Mwithiga v. Pierce*, 758 F.Supp.3d 1230, 1240 (D. Nev. 2024).

Here, Plaintiff asks the Court to order LVMPD to accept service on behalf of Bettencourt and Roos. (ECF No. 121). The Court cannot force LVMPD to accept service on behalf of these Defendants. However, the Court has very recently obtained an address to which it may send requests that personal service on LVMPD and its employees be waived under Federal Rule of Civil Procedure 4(d). Given this recent development, the upcoming February 27, 2026 service deadline, and the difficulty Plaintiff has faced with service, the Court will serve an electronic copy of this order and Plaintiff's operative complaint on LVMPD. This does not indicate acceptance of service for Bettencourt or Roos, but merely gives LVMPD the chance to accept service. The Court will further extend the deadline for service to ninety days from the date of this order. *See* Fed. R. Civ. P. 4(m).

///

///

**IT IS THEREFORE ORDERED** that Plaintiff's motion (ECF No. 121) is **granted in part and denied in part**. It is granted in part only to the extent that the Court will provide LVMPD an opportunity to accept service on behalf of Bettencourt and Roos. It is denied in all other respects.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to add the Las Vegas Metropolitan Police Department to the docket as an Interested Party and to add LVMPD's General Counsel[4] to the Interested Party on the docket.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to electronically serve a copy of this order, the report and recommendation regarding Plaintiff's second amended complaint (ECF No. 41), the order regarding that report and recommendation (ECF No. 51), and of Plaintiff's first amended complaint (ECF No. 53) on LVMPD. This does not indicate acceptance of service.

**IT IS FURTHER ORDERED** that service must be perfected on or before **April 29, 2026**. *See* Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that on or before **February 19, 2026,** LVMPD shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom LVMPD cannot accept service, LVMPD will file, under seal, but will not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it

---

[4] The information for LVMPD's General Counsel is as follows:

Matthew J. Christian, Esq.

Assistant General Counsel

Las Vegas Metropolitan Police Department

400 S. Martin Luther King Blvd., Bldg. B

Las Vegas, NV 89106

(702) 828-3310

M16091C@lvmpd.com

has such information.  If the last known address of the defendant(s) is a post office box, LVMPD will attempt to obtain and provide the last known physical address(es).

**IT IS FURTHER ORDERED** that if LVMPD cannot accept service for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of summons, and specifying a full name and address for the defendant(s).  If LVMPD has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

**IT IS FURTHER ORDERED** that if LVMPD accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint (ECF No. 53) on or before **March 30, 2026**.  *See* Fed. R. Civ. P. 4(d)(3).

DATED: January 29, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE